# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| OL USA LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HELLO HAZEL INC.,<br><br>　　　　　　　Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff OL USA, LLC ("OL"), by and through its undersigned counsel, hereby submits this Complaint against Defendant Hello Hazel Inc. ("Hello Hazel"), and alleges as follows:

## PARTIES

1. At all relevant times, OL was and is a Delaware limited liability company, with its principal place of business at 265 Post Avenue, Suite 333, Westbury, New York 11590.

2. At all relevant times, Hello Hazel was and is Delaware corporation, with its principal place of business at 228 Park Avenue S., Unit 47357, New York, New York 10003.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1367, and Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper and Hello Hazel is subject to personal jurisdiction in the United States District Court for the District of Delaware because Hello Hazel is a Delaware corporation.

## FACTUAL BACKGROUND

5.      On or about April 11, 2022, Hello Hazel executed a credit application (the "Credit Application") pursuant to which, among other things, OL would outlay credit on behalf of Hello Hazel in exchange for Hello Hazel's promise to repay such credit so that Hello Hazel could have its products shipped around the world. A true and accurate copy of the Credit Application is attached as **Exhibit A** and incorporated herein by reference.

6.      Pursuant to the Credit Application, Hello Hazel agreed to be responsible for all collection costs if Hello Hazel's account was turned over to a collection agent, including attorneys' fees.

7.      On or about April 2022, Hello Hazel engaged OL to provide transportation services, namely, arranging the transportation of, among other goods, non-woven fabric (the "Goods") by sea and by air between international destinations (the "Services").

8.      Specifically, OL provided the Services with respect to four (4) shipments.

9.      From May 10, 2022, through September 28, 2022, OL issued Hello Hazel, in connection with providing the Services, invoices (each, an "Invoice") which stated, among other things, the amounts due to OL for the Services provided to Hello Hazel. A true and correct copy of each Invoice issued to Hello Hazel with a matching bill of lading is attached hereto as **Exhibit B**.

10.     Specifically, the Services were subject to standard form trading terms and conditions (the "Terms and Conditions"), which are explicitly incorporated on each Invoice issued by OL. The Terms and Conditions, as stated in the bottom right-hand corner of each Invoice, are also available on OL's website. A true and accurate copy of the Terms and Conditions incorporated by the Invoices and applicable to Hello Hazel are attached as **Exhibit C**.

11. The Terms and Conditions are also included in OL's tariff, as required by Federal Maritime Commission regulations, which are incorporated into the BOL issued by OL to Hello Hazel. OL's tariff is also available on the internet.

12. Specifically, "Merchant" is defined in Section 1 of the Terms and Conditions as follows: "'Merchant' includes the shipper, consignor, consignee, owner, and receiver of the Goods and the holder of this Bill of Lading." *See* **Exhibit C**.

13. Section 20(E) of the Terms and Conditions (and the applicable tariff) provides:

> The shipper, consignor, consignee, owner of the Goods and holder of this Bill of Lading shall be jointly and severally liable to the Carrier for the payment of all freight and charges and for the performance of the obligations of any of them under this Bill of Lading.

*See* **Exhibit C**.

14. On each Invoice, Hello Hazel is listed as the consignee. *See* **Exhibit B**.

15. Thus, in consideration for OL's Services, and in accordance with the Terms and Conditions incorporated by the Invoices, Hello Hazel, as a consignee, agreed to pay freight and all other charges associated (the "Charges") with transportation of the Goods.

16. In exchange for Hello Hazel's agreement to pay for the Charges, Hello Hazel's Goods were shipped from various points overseas to other foreign destinations, and the Goods were received without issue or delay.

17. Despite receiving the Goods and the benefit of OL's Services, Hello Hazel has failed to pay OL for its Services.

18. On October 18, 2022, OL sent a letter to Hello Hazel demanding payment of the Charges (the "Demand Letter") and enclosing an aging report reflecting unpaid invoice amounts totaling no less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100

Dollars ($115,372.62). A true and accurate copy of OL's Demand Letter is attached as **Exhibit D** and incorporated herein by reference.

19. Notwithstanding the BOLs and the provisions requiring Hello Hazel to pay OL for the invoiced Charges upon receipt, OL's performance thereunder, and OL's repeated demands for payment of the outstanding Charges, Hello Hazel has failed to pay OL for the Charges incurred in connection with transporting the Goods in accordance with the BOLs.

20. Consequently, OL is entitled to recover damages from Hello Hazel in an amount to be proven at trial of no less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100 Dollars ($115,372.62), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees. *See* **Ex. A** at § 8; **Ex. C** at § 19(A).

## COUNT I – BREACH OF CONTRACT

21. OL incorporates by reference the statements and allegations previously set forth in its Complaint as if fully rewritten herein.

22. OL and Hello Hazel entered into valid and enforceable contracts in the form of the Invoices.

23. OL and Hello Hazel also entered into a valid and enforceable contract in the form of the Credit Application.

24. Hello Hazel is bound by the Terms and Conditions incorporated by the Invoices and the terms and conditions of OL's tariff that are incorporated therein.

25. OL has performed all of its obligations and duties under the Invoices, the Terms and Conditions, and has satisfied any condition precedent to bringing this claim.

26. Pursuant to the Terms and Conditions, Hello Hazel agreed to: (a) pay the Charges to OL without offset, deduction, or counter claim; and (b) pay the Charges upon demand.

27. Pursuant to the Credit Application, Hello Hazel agreed to, among other things, not withhold payment from OL.

28. Hello Hazel is in material breach as it has failed to pay the Charges.

29. As a result of Hello Hazel's breach of its obligations and duties under the Invoices and Terms and Conditions, and the Credit Application, OL has suffered damages and is entitled to recover from Hello Hazel no less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100 Dollars ($115,372.62), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

## COUNT II – ACCOUNT STATED

30. OL incorporates by reference the statements and allegations previously set forth in its Complaint as if fully rewritten herein.

31. On October 18, 2022, OL submitted to Hello Hazel invoices for the Charges due and owing to OL for the Services and demanded payment thereof. *See* **Exhibit D.**

32. Hello Hazel received the Demand Letter and retained the invoices therein without objection or protest.

33. As a result of Hello Hazel's failure to pay the outstanding Charges, OL has suffered damages and is entitled to recover from Hello Hazel no less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100 Dollars ($115,372.62), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

## COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT

34. OL incorporates by reference the statements and allegations previously set forth in its Complaint as if fully rewritten herein.

35. Hello Hazel promised to pay OL for the Services and Charges related to the shipments of the Goods.

36. OL provided the Services, Hello Hazel was aware of the Services being provided, and Hello Hazel received the benefit of OL's Services.

37. Hello Hazel received, and was enriched by, the benefit of OL's Services but has not paid the Charges associated with that benefit.

38. The benefits conferred upon Hello Hazel are at the expense of, and to the detriment of, OL.

39. Hello Hazel has a legal and/or equitable obligation to pay for the Charges.

40. Hello Hazel's retention of such benefits without payment or restitution to OL is inequitable and against good conscience.

41. As a result, OL has suffered damages no less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100 Dollars ($115,372.62), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees, and therefore, is entitled to recover the same from Hello Hazel.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time based upon the evidence presented at trial, Plaintiff OL USA LLC respectfully requests a judgment in its favor and against Defendant Hello Hazel, Inc. on all claims for relief and providing the following:

1. Damages in an amount not less than One Hundred Fifteen Thousand Three Hundred Seventy-Two and 62/100 Dollars ($115,372.62);

2. Pre- and post-judgment interest to the extent permitted by law;

3. Reasonable attorneys' fees and costs; and

4. All other just and appropriate relief determined by the Court.

## DEMAND FOR JURY TRIAL

OL respectfully requests that all matters set forth in this Complaint so triable by tried by and before a jury.

|  |  |
|---|---|
| Dated: May 11, 2023<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER,**<br>**COPLAN & ARONOFF LLP**<br><br>*/s/ Kevin M. Capuzzi*<br>Kevin M. Capuzzi (DE Bar #5462)<br>John C. Gentile (DE Bar #6159)<br>1313 N. Market Street, Suite 1201<br>Wilmington, Delaware 19801<br>Telephone:  (302) 442-7010<br>Email:  kcapuzzi@beneschlaw.com<br>            jgentile@beneschlaw.com<br><br>*Attorneys for Plaintiff OL USA, LLC* |